■ In the Matter of the Claim of DAVID FARKAS, Respondent, v. CUTLER-HAMMER, INC., et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board. The employer is engaged in the business of manufacturing electrical control devices. Claimant sustained two injuries to his back, one on October 29, 1946 and one on February 14, 1952. No compensation award was made for the 1946 injury because the period of disability was too short; and on February 17, 1949 claimant was examined by a physician of the board who found that he had "No disability at the present time". There is some proof in the record that claimant had suffered a permanent disability to his back due to the 1946 injury. The appellant carrier argues that the employer had knowledge of such a permanent injury and accordingly changed the work of the claimant and that the second injury, in combination with the first one, resulted in a permanent condition substantially greater than the second injury alone would have produced. In respect of each one of these contentions of the appellant

which might lead to a decision that the first injury was permanent; that it added to the burden of hiring or retaining the claimant in employment; and that, together with the second injury it aided in making a more grave permanent disability, there is a sharp issue of fact; and when the decision and findings of the board are examined they must fairly be construed as finding against the appellant carrier and they must be regarded as being supported by substantial evidence. There is not only the opinion of the board's medical examiner in February, 1949 that claimant had no disability then arising from the 1946 accident, but there is proof of opinion by a competent orthopedist that there was no permanent disability as a result of the 1946 accident "nor does he exhibit a permanent partial disability as a result of the alleged second incident of February 14, 1952." The board also could have found within the record that the employer had no knowledge that the injury in 1946 was permanent or likely to be a hindrance to employment. It could have found that the 1946 injury was sustained while claimant was working temporarily as a die setter; and that his transfer back to the work of assembly at claimant's request in November, 1946 was not giving "lighter work" because of knowledge of a previous injury, but was a transfer back to claimant's regular work which carried both a higher pay rate and was less strenuous than work as a die setter. Thus the factual findings on all the essential elements of a second injury claim which would invoke a liability against the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law have been against the appellants and the findings, while disputed and open to other interpretations, in our view of the record are sustained in each of these respects by substantial evidence. Decision affirmed, with costs to the Special Fund Conservation Committee. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.